**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

FRANCISCO SAUCEDA,

Defendant.

Crim. No. 02-213 (1) (RHK/AJB)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Defendant's self-styled submission entitled "Petitioner Motion To Reinstate An Issue Previously Preserved Almendarez-Torres Has Been Enroded [sic] By The Holding Of The Honorable U.S. Supreme Court On Shephard [sic] Decided March 2005." (Docket No. 25.) Defendant's submission challenges the validity of the sentence imposed in this matter on February 25, 2003. As far as the Court can tell, Defendant is claiming that his sentence should be vacated by reason of the Supreme Court's decision in Shepard v. United States, 125 S.Ct. 1254 (2005).

Because it is obvious that Defendant is attempting to collaterally attack his sentence in this matter, his current submission must be construed to be a motion brought under 28 U.S.C. § 2255. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255"). The Court recognizes, however, that Defendant must be forewarned, (and he now is so forewarned), that (a) he probably will have only one opportunity to seek relief under § 2255, and he must therefore join all of his claims for post-conviction relief in a single § 2255 motion, and (b) applications for relief under § 2255 are subject to a one-year statute of limitations which is set forth at ¶ 6 of the statute.

The Court further recognizes that Defendant must be given an opportunity to withdraw his current submission, or submit a new § 2255 motion that includes all of his post-conviction challenges to his judgment of conviction and sentence. Castro v. United States, 540 U.S. 375, 383 (2003) ("when a court recharacterizes a pro se litigant's motion as a first § 2255 motion.... the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has"); Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002) ("When a district court intends to reclassify a pro se litigant's pleading as a § 2255 motion, it must do two things. First, the court must warn the litigant of the restrictions on second or successive motions, and of the one-year limitations period, set forth in 28 U.S.C. § 2255. Second, the court must provide him an opportunity either to consent to the reclassification or to withdraw his motion.")

In accordance with Castro and Morales, Defendant will be given 20 days from the date of this order in which to (i) withdraw his current submission, (Docket No. 25), or (ii) file a § 2255 motion on the form prescribed for use in this district that will supercede his current submission and set forth all of his post-conviction claims for relief.[1] If Defendant has not responded to this order within 20 days, he will be deemed to have consented to having his current submission treated as a § 2255 motion, and it will

[1] If Defendant does not elect to withdraw his current submission, it would behoove him to attempt to explain why he is not barred from relief under § 2255 by reason of the one-year statute of limitations. See Olivas-Gutierrez v. United States, Nos. EP05CA-0139-DB, EP02CR-1406-DB (W.D.Tex. May 19, 2005), 2005 WL 1241871 at * 4-5.

thereafter be addressed and decided accordingly.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant shall have 20 days from the date of this order in which to (i) withdraw his current submission, (Docket No. 25), or (ii) file a new motion for relief under 28 U.S.C. § 2255 on the form prescribed for use in this district that will supercede his current submission and set forth all of his post-conviction claims for relief; and if Defendant does not take one of these two actions within 20 days, he will be deemed to have consented to having his current submission treated and decided as a motion for relief under 28 U.S.C. § 2255.

Dated: July 1, , 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge