**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

FRANCISCO SAUCEDA,

Defendant.

Crim. No. 02-213 (1) (RHK/AJB)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Defendant's motion for relief under 28 U.S.C. § 2255.[1] Defendant is challenging the 70-month prison sentence that he received in this matter after pleading guilty to a charge of unlawful re-entry after deportation. Defendant's motion will be summarily DENIED, because it is time-barred.

The sixth paragraph of § 2255 provides that:

> "A 1-year period of limitation shall apply to a motion under this section [i.e., 28 U.S.C. § 2255]. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such

[1] Petitioner's motion, (Docket No. 25), is actually entitled "Petitioner Motion To Reinstate An Issue Previously Preserved Almendarez-Torres Has Been Enroded [sic] By The Holding Of The Honorable U.S. Supreme Court On Shephard [sic] Decided March 2005." However, the Court previously informed Petitioner that his motion would be treated and adjudicated as a § 2255 motion, unless he either withdrew the motion, or filed an amended § 2255 motion, by no later than July 21, 2005. (See Order dated July 1, 2005; [Docket No. 26].) The deadline for withdrawing or amending the motion has now passed, and Defendant has not exercised either of those options. Therefore, Defendant's pending motion is construed to be a § 2255 motion, and it will be adjudicated as such.

> motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

In this case, Defendant did not file a direct appeal, so his judgment of conviction became final, for purposes of the one-year statute of limitations, at the expiration of the deadline for filing such an appeal. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Kapral v. United States, 166 F.3d 565, 577 (3rd Cir.1999) ("[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired"). Judgment was entered in this case on February 25, 2003, (Docket No. 23), and the deadline for appealing expired ten days later, which would have been on or about March 7, 2003. Fed. R. App. P. 4(b)(1)(A)(i). See Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir.2004) (for purposes of § 2255 motions, "an unappealed federal criminal judgment becomes final ten days after it is entered"); Ramirez v. United States, No. 05-100010 (11th Cir. July 22, 2005), 2005 WL 1706142 (unpublished opinion) at *1 (if there is no direct appeal, a judgment of conviction becomes final, and the § 2255 statute of limitations begins to run, ten days after entry of judgment), pet. for cert. filed, October 17, 2005, (No. 05-7061). Thus, under § 2255 [ ¶ 6 (1) ], the one-year limitations period for filing a § 2255 motion in this case expired on or about March 7, 2004. Defendant did not file his present motion, however, until June 10, 2005, which was more

than fourteen months after the § 2255 [ 6(1) ] statute of limitations had expired.

The Court has considered whether the statute of limitations analysis might be affected by clauses (2), (3) or (4) of § 2255 [ ¶ 6 ]. Clauses (2) and (4) certainly are not applicable, because Defendant has not identified any "impediment to making a motion created by governmental action," as contemplated at clause (2), or any new facts supporting his claims, as contemplated at clause (4). However, Defendant's current claims for relief are based primarily on the United States Supreme Court's decision in Shepard v. United States, 125 S.Ct. 1254 (2005), which was handed down only a few months ago. The Court must therefore consider whether § 2255 [ ¶ 6(3) ] applies here, and whether the one-year statute of limitations did not begin to run until Shepard was decided.

Defendant contends that Shepard effectively overruled Almendarez-Torres v. United States, 523 U.S. 224 (1998), and established a new constitutional rule for federal criminal cases, which requires that a jury, (rather than a judge), must determine whether a defendant has had prior convictions that affect his sentencing. If such a new rule had resulted from Shepard, (and if that new rule were retroactively applicable), then Defendant could argue that, pursuant to § 2255 [ ¶ 6(3) ], the statute of limitations did not begin to run for his current § 2255 claims until the date when Shepard was decided, which was March 7, 2005.

In fact, however, the Eighth Circuit Court of Appeals has repeatedly held that Shepard did not overrule Almendarez-Torres, and Shepard did not establish a new constitutional sentencing rule that requires prior convictions to be determined by a jury rather than a judge. As the Court of Appeals recently reiterated:

"The Supreme Court has not overruled its decision[ ] in Almendarez-Torres... and the

> Court's recent sentencing cases, including Shepard v. United States,... have not abandoned the rule that a court - and not a jury - may consider prior criminal history in sentencing a defendant.... Thus, it is well settled at this time that a district court may determine the fact of a prior conviction."

United States v. Carrillo-Beltran, 424 F.3d 845, 848 (8th Cir. 2005), citing United States v. Mattix, 404 F.3d 1037, 1038 (8th Cir.2005) (per curiam). See also United States v. Landers, 417 F.3d 958, 964 (8th Cir. 2005) ("Although one justice questioned the continuing validity of Almendarez-Torres in his separate opinion in Shepard, no other justice joined in his discussion. Almendarez-Torres remains the governing law which we must follow."); United States v. Johnson, 408 F.3d 535, 540 (8th Cir. 2005) ("[t]he Supreme Court has never overruled its decision in Almendarez-Torres, and Shepard did not alter the rule that a court may consider prior criminal history as a sentencing factor").

Because Shepard did not create a new constitutional rule that requires prior convictions to be determined by a jury, § 2255 [ ¶ 6(3) ] is not applicable here. Instead, the statute of limitations deadline in this matter is governed by § 2255 [ ¶ 6(1) ], which means that the deadline expired one year after Defendant's conviction became final. As discussed above, Defendant's conviction became final in March 2003, and the one-year statute of limitations, (under § 2255 [ ¶ 6(1) ]), expired in March 2004. Defendant's present motion, however, was not filed until June 2005. Because Defendant's motion was filed after the applicable statute of limitations had expired, the motion is time-barred, and it must be summarily denied without reaching the merits of Defendant's claims.[2]

[2] The Court notes that Defendant's substantive claims for relief are based on the erroneous belief that Shepard overruled Almendarez-Torres, and requires a jury determination of prior convictions at sentencing. Because Almendarez-Torres remains "good law" in this Circuit, (as shown by the recent Circuit Court decisions cited in the text), Defendant could not prevail on his present claims for relief, even if those claims were to be decided on the merits.

Finally, the Court has considered whether Defendant should be granted a Certificate of Appealability, ("COA"), in this matter, which would allow him to seek appellate review of the Court's ruling on his present motion. See Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted). Applying this standard here, the Court finds that Defendant is not entitled to a COA.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Defendant's "Petitioner Motion To Reinstate An Issue Previously Preserved Almendarez-Torres Has Been Enroded [sic] By The Holding Of The Honorable U.S. Supreme Court On Shephard [sic] Decided March 2005," (Docket No. 25), shall be treated and adjudicated as a Motion to Vacate, Set Aside, or Correct A Judgment or Sentence Pursuant to 28 U.S.C. § 2255, and such Motion is DENIED; and

2. Defendant will not be granted a Certificate of Appealability in this matter.

Dated: October 28, 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge